UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

YOLANDA STILLS

CIVIL ACTION

VERSUS

NUMBER 12-539-JJB-SCR

SONIA GUZMAN, ET AL

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 29, 2012.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

YOLANDA STILLS

CIVIL ACTION

VERSUS

NUMBER 12-539-JJB-SCR

SONIA GUZMAN, ET AL

### MAGISTRATE JUDGE'S REPORT

Before the court is a Motion to Remand filed by plaintiff Yolanda Stills.  Record document number 5.  The motion is opposed.[1]

For the reasons which follow, the plaintiff's Motion to Remand should be denied.

### Background

Plaintiff, a Louisiana citizen, filed suit in state court on October 7, 2011 for injury and damages arising out of an accident that occurred on September 4, 2011.  Plaintiff was a passenger in a vehicle owned and driven by Alfred Glasper that was struck from the rear by a truck driven by Sonia Guzman.[2]  Plaintiff initially sued Guzman, her employer and the insurer of the truck.  Then on November 2, 2011 the plaintiff filed a first amending petition that

---

[1] Record document number 11.  Plaintiff filed a supplemental Memorandum in Support of Motion to Remand.  Record document number 8.

[2] Glasper also has a suit arising out of the accident pending in this court.  Record document number 1-1, Civil Action No. 12-214-FJP-SCR.

added Glasper, a Louisiana citizen, as a defendant.[3]  On March 23, 2012 the plaintiff was granted leave to file a third amending and supplemental petition that added M & M Dodge, a Louisiana corporation, as a defendant.  After M & M Dodge was added as a defendant the plaintiff filed a motion in state court to dismiss Glasper without prejudice, and it was granted on March 28, 2012.

The final event relevant to the defendants' removal occurred on August 6, 2012.  On that date Glasper was deposed and testified that he had not had any trouble with the vehicle since he had purchased it, and did not know why it stalled while he was driving over the bridge.  Glasper also did not have any information to support the allegation that M & M Dodge failed to perform or negligently performed some maintenance service which contributed to the accident.

After Glasper's deposition defendants National Specialty Insurance Company, Intercon Carriers, L.C., and Guzman removed the case to this court on August 31, 2012 based on diversity jurisdiction.  Defendants alleged that Guzman is a citizen of Texas, Intercon is a Texas corporation with its principal place of business in Texas, and National Specialty Insurance is incorporated

---

[3] First Supplemental and Amending Petition for Damages, Record document number 1-1, p. 24.  Glasper was also named again as a defendant in a second supplemental and amending petition filed on March 8, 2012(granted March 14, 2012).  Second Supplemental and Amending Petition for Damages, Record document number 1-1. pp. 80-87.

2

in Oklahoma and has its principal place of business in Georgia. With regard to M & M Dodge the defendants asserted that it was improperly joined for the purpose of defeating diversity jurisdiction.

Plaintiff filed this Motion to Remand on September 24, 2012 on the ground that complete diversity is lacking because M & M Dodge is a Louisiana citizen. Plaintiff later filed a supplemental supporting memorandum asserting that the defendants' Notice of Removal was untimely under 28 U.S.C. § 1446(b)(3) because it was filed more than 30 days after Glasper was dismissed as a defendant.

## **Applicable Law**

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case. *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against

the non-diverse party in state court. *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. Stated another way, it means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary judgment-type inquiry. *Id*. In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

The time limits for filing the notice of removal stated in 28 U.S.C. § 1446(b) provide in relevant part as follows:

> **(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> ...

> **(3)** ..., if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

## Analysis

### Timeliness

On October 23, 2012, more than 30 days after the Notice of Removal was filed, the plaintiff raised the argument that the defendants' removal was untimely under § 1446(b)(3). Untimeliness of the removal is a procedural ground for challenging the removal. Under 28 U.S.C. § 1447 (c) a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under § 1446(a). Plaintiff first raised the timeliness issue in her supplemental memorandum. Therefore, her untimeliness argument was itself raised untimely.

Nevertheless, the untimeliness argument is without merit. Plaintiff argued that the Notice of Removal filed on August 31, 2012 was late because it was filed more than 30 days after the state court granted the plaintiff's motion to dismiss Glasper, which was March 23, 2012.

There is no basis to find that this dismissal triggered the 30 day period for removal, since at the time Glasper was out of the case, in-state defendant M & M Dodge had already been added and was

5

still a party.  Because the case was not initially removable,[4] the defendants had 30 days after receipt of some other paper which showed that the case was removable.  Glasper's deposition on August 6, 2012 was the other paper from which the defendants could first ascertain that there was no viable claim against M & M Dodge.[5]  Therefore, the defendants' Notice of Removal filed on August 31, 2012 was timely.

**Improper Joinder**

Based on the arguments and evidence submitted by the defendants,[6] the plaintiff's motion to remand based on lack of diversity should be denied.  While the plaintiff alleged in her Third Supplemental and Amending Petition for Damages a claim that M & M Dodge "based on information and belief, failed to provide proper maintenance to the 1999 Ford Expedition bearing license plate number SDR665 which contributed to the accident herein and other acts of negligence,"[7] the undisputed facts set forth by the defendants demonstrate that M & M Dodge was improperly joined.

---

[4] Although the plaintiff initially filed suit on October 7, 2011 against Guzman, her employer and its insurer, less than 30 days later the plaintiff amended to add Glasper as a defendant.

[5] Under 28 U.S.C. § 1446(b)(3) a transcript of deposition testimony is an "other paper" which triggers the defendant's 30 day period for filing a notice of removal.  *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

[6] Defendants relied on several exhibits attached to M & M Dodge's Motion for Summary Judgment.  Record document number 6

[7] Record document number 6-6, Exhibit D, ¶ 26.  A claim "based on information and belief," without any alleged factual basis, is no more than an unsupported conclusion.

6

Defendants relied on the affidavit of Alan Turner, the service manager of M & M Dodge, Glasper's deposition testimony and the report of Ed Carrick, plaintiff's accident reconstruction expert.[8] Turner stated that he reviewed the service records for the vehicle Glasper was driving at the time of the accident.  Those records showed that on January 24, 2012, more than seven months before the accident, the vehicle was brought in by Clifford Phillips, who declined to have any recommended services performed other an oil and filter change.  According to the service records, no other diagnostic testing, mechanical repair, or inspection was ever done by M & M Dodge.  Glasper testified that he bought the vehicle only about a month before the accident.  Therefore, Turner's affidavit and Glasper's testimony establish that Glasper did not bring the vehicle to M & M Dodge for the oil and filter change or any other service or repair work.

Glasper testified further that he had no information that would support the allegation that M & M Dodge failed to provide proper maintenance.  He had no knowledge of mechanical problems prior to the accident, nor any idea what caused the vehicle to stop on the bridge.  Finally, Carrick's report does not contain any facts that indicate a failure/negligence in maintenance or repair by M & M Dodge.  This collection of exhibits demonstrates that the

---

[8] Record document numbers 6-9 and 6-10, Exhibit G (Turner's affidavit with Attachment 1); Exhibit F (Glasper deposition excerpt); record document number 11-1, Exhibit H, Carrick report dated June 15, 2012.

7

defendants have met their burden of showing no reasonable basis for the court to predict that the plaintiff might be able to recover against M & M Dodge under state law for failure to provide proper maintenance which contributed to the accident.

Plaintiff's Motion to Remand is without merit and should be denied. Defendants have established that defendant M & M Dodge was improperly joined and that the case was properly removed based on complete diversity of citizenship.

### **RECOMMENDATION**

It is the recommendation of the magistrate judgment that the Motion to Remand filed by plaintiff Yolanda Stills be denied.

Baton Rouge, Louisiana, November 29, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE