UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

YOLANDA STILLS

CIVIL ACTION

VERSUS

NUMBER 12-539-JJB-SCR

SONIA GUZMAN, ET AL

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 11, 2013.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

YOLANDA STILLS

VERSUS

SONIA GUZMAN, ET AL

CIVIL ACTION

NUMBER 12-539-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion for Summary Judgment filed by defendant M & M Dodge, Inc.  Record document number 6.  No opposition has been filed.

For the reasons which follow, the Motion for Summary Judgment should be granted.

**Background**

Plaintiff, a Louisiana citizen, filed suit in state court on October 7, 2011 for injury and damages arising out of an accident that occurred on September 4, 2011.  Plaintiff was a passenger in a vehicle owned and driven by Alfred Glasper that was struck from the rear by a truck driven by Sonia Guzman.[1]  Plaintiff initially sued Guzman, her employer and the insurer of the truck.  Then the plaintiff filed a first amending petition which added Glasper, a

---

[1] Glasper also has a suit arising out of the accident pending in this court. Civil Action No. 12-214-FJP-SCR, record document number 1-1.

Louisiana citizen, as a defendant.[2] Plaintiff was granted leave to file a third amending and supplemental petition that added M & M Dodge, a Louisiana corporation, as a defendant.  After M & M Dodge was added as a defendant the plaintiff filed a motion in state court to dismiss Glasper without prejudice, which was granted. Defendants National Specialty Insurance Company, Intercon Carriers, L.C., and Guzman removed the case to this court based on diversity jurisdiction.  Plaintiff filed a Motion to Remand, which was denied.[3]  The basis for the ruling on the Motion to Remand was the finding that M & M Dodge was improperly joined.  Defendant M & M Dodge now moves for summary judgment and dismissal of the plaintiff's claims against it.

In support of the motion M & M Dodge submitted a Statement of Undisputed Material Facts,[4] and relied on the Petition for Damages,[5] and the First, Second, and Third Supplemental and Amending Petition for Damages,[6] the Motion and Order dismissing Glasper,[7] excerpts

---

[2] Glasper was also named again as a defendant in a second supplemental and amending petition.

[3] Record document numbers 5, motion, 12, Magistrate Judge's Report, 15, Ruling, and 16, Order.

[4] Record document number 6-1.

[5] Record document number 6-3, Exhibit A.

[6] Record document numbers 6-4, 6-5 and 6-6, Exhibits B, C and D, respectively.

[7] Record document number 6-7, Exhibit E.

from Glasper's deposition,[8] and the affidavit of Alan Turner.[9]

## Applicable Law

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(a), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If the moving party carries its burden under Rule 56©, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.*; *International*

---

[8] Record document number 6-8, Exhibit F.

[9] Record document number 6-9, Exhibit G.

*Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). In this case the governing law is Louisiana's law on negligence. Louisiana Civil Code Article 2315 provides in pertinent part: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." To impose liability under Article 2315 for negligence, Louisiana courts engage in a duty-risk analysis. Under this analysis, a plaintiff must prove the following: 1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of protection element); and (5) actual damages (the damages element). *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008), citing, *Lemann v. Essen Lane Daiquiris*, 923 So.2d 627, 633 (La. 2006).

### Analysis

Defendant's motion focused on the elements of breach and cause-in-fact. Defendant argued that there is no evidence that the

oil change maintenance it did in January 2012 was negligently performed, or that this maintenance caused or contributed to the accident.  The evidence supports the defendant's argument.

Turner, the defendant's service manager, reviewed the service records for the vehicle Glasper was driving at the time of the accident.  Those records showed that on January 24, 2012, more than seven months before the accident, the vehicle was brought in by Clifford Phillips, who declined to have any recommended services performed other an oil and filter change.  According to the service records, no other diagnostic testing, mechanical repair, or inspection was ever done by M & M Dodge.  Glasper testified that he bought the vehicle only about a month before the accident. Therefore, Turner's affidavit and Glasper's testimony establish that Glasper did not bring the vehicle to M & M Dodge for the oil and filter change or any other service or repair work.

Glasper testified further that he had no information that would support the allegation that M & M Dodge failed to provide proper maintenance.  He also had no knowledge of mechanical problems prior to the accident, nor any idea what caused the vehicle to stop on the bridge.

Based on this evidence the defendant has met its burden of demonstrating that there is no genuine dispute for trial. Plaintiff failed to come forward with any evidence to support the essential elements of her claim that the defendant is liable,

because it negligently failed to provide proper repair/maintenance to the Glasper vehicle, which contributed to the accident. Defendant's summary judgment motion should be granted.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion for Summary Judgment filed by defendant M & M Dodge, Inc. be granted.

Baton Rouge, Louisiana, January 11, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE